**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JANE DOE, )<br>    Plaintiff, )<br>v. )<br>)<br>JOSHUA ATWATER, et al. )<br>    Defendants )<br>)<br>) | Case No. 17-cv-3557<br><br>Judge Jorge L. Alonso<br><br>Magistrate Judge Kim<br><br>**JURY DEMANDED** |

## MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JOSHUA ATWATER

**NOW COMES** Plaintiff, JANE DOE, by and through one of her attorneys, Joseph P. DiCola, Of Counsel to the Shiller Preyar Law Offices, pursuant to Federal Rule of Civil Procedure 55(b) and moves of default against Defendant Joshua Atwater, and in support thereof states as follows.

1. On May 11, 2017, Plaintiff Jane Doe filed this lawsuit alleging that Defendant Joshua Atwater, an employee of the Secretary of State of Illinois, sexually assaulted her while administering a mandatory driving test. Dkt. 1.

2. On May 23, 2017, Defendant Atwater was served personally at his home in Chicago. Dkt. 6.To date, Defendant Atwater has not filed an appearance or answer in this case.

3. On November 12, 2017, Plaintiff filed a motion for entry of default against Defendant Joshua Atwater pursuant to Federal Rule of Civil Procedure 55(a). Dkt. 26.

4. On November 21, 2017, this Court granted Plaintiff's motion to the extent it sought a default order and Defendant Atwater was found in default. Dkt. 29.

5. Plaintiff sent Defendant Atwater a copy of her motion for default via certified mail on November 14, 2017. See Exhibit A. Defendant Atwater was served with the motion on December 14, 2017. See Exhibit B.

1

6. Defendant Atwater has still not appeared, answered, filed a response to Plaintiff's motion, or contacted the undersigned. Accordingly, Plaintiff now respectfully moves this Court for default judgment against Defendant Atwater pursuant to Rule 55(b).

7. Federal Rule of Civil Procedure 55(b) provides in relevant part:

    (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

    (2) By the Court. In all other cases, the party must apply to the court for a default judgment.

8. Default judgment establishes, "as a matter of law, that defendants are liable to plaintiff on each cause of action." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). The well-pleaded facts of the complaint relating to liability are taken as true upon default. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). *Dundee* further instructs that "where liability is joint and several, the entry of default judgment against fewer than all defendants in an action is proper," however "a damages hearing may not be held until the liability of each defendant has been resolved." *Id.* at 1324.

9. Liability of each of the other defendants has been resolved by settlement agreement, which was finalized on August 8, 2019. Dkt. 147.

10. Thus, this Court should enter a default judgment because Defendant Atwater has failed to defend this case.

11. Plaintiff alleged that on May 11, 2017, Defendant Atwater administered her mandatory driving test, which was required to renew her Illinois driver's license. During the test, Defendant Atwater instructed Plaintiff to drive into an alley, where he sexually assaulted

her. Plaintiff suffered physical injuries, emotional distress, and severe psychological injuries as a result of Defendant's attack.

12. Plaintiff brings claims against Defendant Atwater for unlawful seizure under the Fourth Amendment, due process and equal protections violations under the Fourteenth Amendment, and state claims for battery, assault, and intentional infliction of emotional distress. Dkt. 73, pp. 10-16. On these claims, Plaintiff demands judgment against Defendant Atwater for compensatory damages, punitive damages, attorney fees, and costs.

13. Plaintiff is providing a copy of this motion to Defendant Atwater via certified United States Mail.

**WHEREFORE**, Plaintiff requests this Court enter default judgment against Defendant Joshua Atwater, set a future date for a hearing on damages, and for any other and additional relief that this Court deems equitable and just.

Respectfully submitted,

s/ Joseph P. DiCola
Joseph P. DiCola
*Of Counsel*
Shiller Preyar Law Offices
@ The Westside Center for Justice
601 S. California Ave.
Chicago, IL 60612
312-226-4590

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that she served a copy of the foregoing **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JOSHUA ATWATER** to:

Joshua Atwater
430 W. North Ave., Apt. 201
Chicago, IL 60610-1146

via certified United States Mail on August 16, 2019

                                                              Respectfully submitted,

                                                              s/ Joseph P. DiCola
                                                              Joseph P. DiCola

*Of Counsel*
Shiller Preyar Law Offices
@ The Westside Center for Justice
601 S. California Ave.
Chicago, IL 60612
312-226-4590